IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER M. RAINE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 10-cv-347-JPG |
| | ) |
| **MICHAEL P. RANDLE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Christopher Raine, formerly an inmate in the Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. With his complaint, Raine filed a motion to proceed *in forma pauperis* (Doc. 2). Upon review of Raine's affidavit, the Court concludes that he is unable to pay any portion of the filing fee. Accordingly, his motion to proceed *in forma pauperis* is **GRANTED**.[1]

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief from a defendant who is

---

[1] Raine is not currently in custody, so he is no longer a "prisoner" as defined in 28 U.S.C. § 1915(h). Therefore, the prisoner provisions of §§ 1915(a)(2), (b)(1) and (b)(2) do not apply.

immune from such relief.

28 U.S.C. § 1915(e)(2). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### THE COMPLAINT

On March 9, 2010, Raine turned himself in to Chicago police for parole violation, and he was transferred that same day to Stateville Correctional Center. At the time, Raine was very sick: he could not walk without assistance, nor use his hands, or turn his head, and he had a fever. At Stateville he was taken to the doctor, who took his temperature and then placed him in isolation. Raine was also examined by the psychologist so that he could receive the medication prescribed to him by a private psychologist. Raine was given pain medication as well as Prozac and Lithium, but he advised the medical staff that they had provided him with the wrong combination of medication.

After eight days at Stateville, Raine was transferred to Big Muddy River via Logan. He was still sick, requiring the assistance of two officers to get on the transfer bus. Raine told the officers that he was sick and needed to see a doctor; they told him he would see a doctor when he got to Big Muddy River. Upon arrival there, Raine once again asked to see a doctor. He was told he would first have to be processed for his ID badge, and then an officer helped him carry a mattress and bedding to his cell. About 10pm that evening, Raine finally saw a nurse. She told him there was nothing she could do for him regarding any of his medications, as there was no doctor on duty. She

told him she would put him on the doctor's call list, but at least two days elapsed without any medical attention.

On or about March 20, Raine could not stand up, and he fell out of his bed. He was taken to the medical unit on a stretcher, where he was given pain medication to last him three days. For over three weeks Raine experienced extreme pain and was unable to walk to the dietary unit for many of his meals, yet he was not seen by any medical personnel. Eventually Raine saw a physician's assistant, who ordered some more pain medication and some blood work. On April 12, Raine consulted with a psychiatrist via video-conference, who modified his psychiatric medications, but still not to the same prescriptions as those ordered by Raine's private psychiatrist.

On or about April 15, Raine finally saw the doctor, who told Raine that he had tested positive for rheumatoid arthritis. New medication was prescribed, and he received a permit for a lower galley and bottom bunk. However, at the time he filed this action, Raine was still assigned to an upper galley and top bunk. He struggles to manage the stairs, and occasionally he falls out of bed. Although the new medication helps, Raine still experiences significant pain.

## DISCUSSION

Based on these events, Raine alleges that Defendants were deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth Amendment, for which he seeks an aggregate of $40,000 in damages.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*,

> 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

In his complaint, Raine makes no allegations against any specific person by name and, in fact, he has identified all the Big Muddy River medical personnel as Unknown Parties. The only named person at Big Muddy River is the warden, John Evans, although Raine makes no specific allegations against him. However, Evans will remain a party to this action for purposes of discovery, until Raine can file an amended complaint in which he identifies the medical personnel by name.

### OTHER DEFENDANTS

Raine names Michael Randle, the I.D.O.C. director, as a defendant, although he makes no allegations against Randle. The law is clear that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). More specifically, "[t]he Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care."

*Burks*, 555 F.3d at 595. Thus, Raine has failed to state a claim against Randle, who will be dismissed from this action.

Finally, Raine names the Illinois Department of Corrections as a defendant, but the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Thus, the I.D.O.C. will be dismissed from this action.

### APPOINTMENT OF COUNSEL

Raine has also filed a motion for appointment of counsel (Doc. 3). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). With regard to the first step of the inquiry, Raine does not indicate that he has made any effort at all to retain counsel. Therefore, his motion for appointment of counsel is **DENIED**, without prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Defendants **RANDLE** and **ILLINOIS DEPARTMENT OF CORRECTIONS** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **EVANS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **EVANS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.  Service shall not be made on the Unknown Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the

court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: November 15, 2010.**

                                            **s/ J. Phil Gilbert**
                                            **U. S. District Judge**